UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: BIOMET M2a MAGNUM | ) | CAUSE NO. 3:12-MD-2391-RLM-CAN |
| HIP IMPLANT PRODUCT | ) | Judge Robert L. Miller, Jr. |
| LIABILITY LITIGATION | ) | |
| (MDL2391) | ) | |
| | ) | |
| | ) | |
| This Document Relates to All Cases | ) | |

## ORDER ESTABLISHING QUALIFIED SETTLEMENT FUND AND APPOINTING FUND ADMINISTRATOR

Upon Motion of Biomet Plaintiffs' Executive Committee ("PEC"), appointed by this Court, for the *In re: Biomet M2A Mangum Hip Implant Products Liability Litigation,* MDL No. 2391 and for good cause shown, the Court hereby Orders as follows:

1. In order to assist in the administration of the settlement of claims brought by the plaintiffs of counsel ("Biomet Plaintiffs") (which shall include all plaintiffs clients of any law firm who enter into settlements with defendants in the future), the PEC Biomet Qualified Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Plaintiffs in state or federal litigation or Claimants who are represented by Plaintiffs' Counsel and Defendants shall be paid into the PEC Biomet Qualified Settlement Fund, including payments received from the Biomet Settlement Escrow Account in connection with those Plaintiffs and Claimants who meet

conditions to release escrow into the PEC Biomet Qualified Settlement Fund pursuant to the Biomet Master Settlement Agreement dated as of January 31, 2014, as amended, September 18, 2014.  The Defendants shall have no liability with regard to the conduct of the Fund Administrator or to the PEC Biomet Qualified Settlement Fund itself.  The Defendants' liability to the Claimants and Plaintiffs shall terminate with payments into the PEC Biomet Qualified Settlement Fund.

2. Garretson Resolution Group, Inc. is appointed as Fund Administrator and Trustee, shall serve without bond, and shall serve pursuant to the terms, conditions and restrictions of the Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in the Motion, including, but not limited to participation in the Preferred Banking Program as described in the Motion.

3. No bond is required, provided that all monies received by the PEC Biomet Qualified Settlement Fund, which includes all principal and interest earned thereon, shall be deposited in an investment agency account held in custody at The PrivateBank and Trust for the benefit of and titled in the legal name of the Fund and invested in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments) (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) non-interest bearing corporate accounts subject to unlimited Federal Depository Insurance Corporation protections as available.  The PEC Biomet Qualified Settlement Fund shall be held at The PrivateBank and Trust, a financial institution

doing business in Chicago, IL according to the above terms and conditions. The PrivateBank and Trust shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that a principal preservation driven investment policy is implemented. Notwithstanding the foregoing, The PrivateBank and Trust shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court upon the joint motion of the parties. The Fund Administrator retains the right to remove The PrivateBank and Trust, with or without cause, in its sole and absolute discretion. The Fund Administrator may designate a replacement bank upon the written consent of the PEC. In the event of such replacement, the terms and conditions of this Order, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement.

4. The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

5. The Fund Administrator is authorized to distribute all attorneys' fees and litigation expenses to Plaintiffs' Counsel, consistent with existing contingency fee contracts or, to the extent required by law, and, where required by law in an individual case, upon Court approval on motion of a Plaintiffs' Counsel.

      6.      The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund, and thereafter the Fund Administrator is discharged from any further responsibility with respect to the Fund.

**IT IS SO ORDERED**

ENTERED:    September 19, 2014

          /s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana